Martha Hill Jamison, Justice
Tragically, college freshman Brent Randall was killed on the Texas Southern University (TSU) campus. His death resulted from gunshot wounds inflicted by a nonstudent. Randall's mother, Jacqueline Mouton, individually and on behalf of her son's estate, filed suit against TSU. TSU brings this interlocutory appeal challenging the trial court's denial of TSU's plea to the jurisdiction and motion to dismiss based on governmental immunity.[1] Concluding that Mouton failed to allege a waiver of TSU's governmental immunity and Mouton's pleadings affirmatively negate the existence of the trial court's jurisdiction, we reverse the trial court's order and render judgment dismissing Mouton's claims against TSU.
Background
Randall was outside his dormitory on his way to class when he was shot and killed. The evening before, another shooting occurred in the parking lot of the same dormitory.[2] Mouton filed suit against TSU for negligence and gross negligence. She alleged that TSU's agents, representatives, and employees failed to use reasonable care in warning parents and students of the risks of harm on campus, in providing adequate security, and in taking steps to detect, prevent, and intervene in criminal activities on campus.
TSU filed a plea to the jurisdiction and motion to dismiss all of Mouton's claims on the basis of governmental immunity. Mouton responded that TSU's immunity was waived under the Texas Tort Claims Act (the Act) for personal injury or death caused by a condition or use of tangible *912 personal or real property.[3] After a hearing, the trial court denied the motion "to afford [Mouton] an opportunity to amend her pleadings to affirmatively demonstrate [the trial court's] jurisdiction" and gave Mouton 30 days to amend her petition. Contending that Mouton's petition affirmatively negates jurisdiction, TSU filed its notice of interlocutory appeal before Mouton amended her petition.
Discussion
In two issues, TSU argues that its immunity from suit has not been waived and thus the trial court lacks subject matter jurisdiction over the claims against TSU.[4] A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. Harris Cnty. v. Sykes , 136 S.W.3d 635, 638 (Tex. 2004) ; City of Deer Park v. Hawkins , No. 14-13-00695-CV, 2014 WL 953427, at *2 (Tex. App.-Houston [14th Dist.] Mar. 11, 2014, pet. denied) (mem. op.). Immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. Tex. Dep't of Transp. v. Jones , 8 S.W.3d 636, 637 (Tex. 1999) ; Hawkins , 2014 WL 953427, at *2. We review de novo a plea questioning the trial court's jurisdiction. State v. Holland , 221 S.W.3d 639, 642 (Tex. 2007) ; Hawkins , 2014 WL 953427, at *2.
TSU is a governmental unit under the Act. See, e.g., Ogueri v. Tex. S. Univ. , No. 01-10-00228-CV, 2011 WL 1233568, at *3 (Tex. App.-Houston [1st Dist.] Mar. 31, 2011, no pet.) (mem. op.); City of Houston v. Chemam , No. 01-08-01005-CV, 2010 WL 143476, at *6 (Tex. App.-Houston [1st Dist.] Jan. 14, 2010, no pet.) (mem. op.). A unit of state government such as TSU is immune from suit unless the State consents. Dimas v. Tex. State Univ. Sys. , 201 S.W.3d 260, 264 (Tex. App.-Houston [14th Dist.] 2006, no pet.) (citing Dallas Area Rapid Transit v. Whitley , 104 S.W.3d 540, 542 (Tex. 2003) ). In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. Id. We construe the pleadings in favor of the plaintiff and look to the pleader's intent. Id. (citing Peek v. Equip. Serv. Co. of San Antonio , 779 S.W.2d 802, 804-05 (Tex. 1989) ). Unless the petition affirmatively demonstrates that no cause of action exists or that plaintiff's recovery is barred, the trial court is required to give the plaintiff an opportunity to amend before granting a motion to dismiss. Id.
Here, TSU has challenged Mouton's pleadings. In its pleadings challenge, TSU argues that the plaintiff has not alleged facts that, if proven, constitute a valid claim over which there is jurisdiction. See City of Magnolia 4A Econ. Dev. Corp. v. Smedley , 533 S.W.3d 297, 300-01, 2017 WL 4848580, at *3 (Tex. 2017) (per curiam) (citing Texas Dep't of Parks & Wildlife v. Miranda , 133 S.W.3d 217, 226 (Tex. 2004) ). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. Id. If the plea, however, challenges the existence of jurisdictional facts, then we consider evidence submitted *913 by the parties. Id. TSU argued in its plea that Mouton's pleadings fail to invoke the trial court's jurisdiction. Accordingly, we review Mouton's pleadings to determine if her claims fall within a waiver of immunity under the Act. See Dimas , 201 S.W.3d at 264 (noting reviewing court only reviews evidence submitted by parties "to the extent that is relevant to the jurisdictional issue"); see also Smedley , 533 S.W.3d at 300-02, 2017 WL 4848580, at *3-4 (discussing difference between plea challenging pleadings, requiring review based on pleadings, and plea challenging existence of jurisdictional facts, requiring review based on evidence).
Section 101.021(2) of the Act provides that a state governmental unit is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code § 101.021(2). Allegations involving the condition of real property constitute allegations of premises defects, subject to heightened pleading requirements as discussed below. See Miranda , 133 S.W.3d at 230 ; Annab v. Harris Cnty. , 524 S.W.3d 793, 802 (Tex. App.-Houston [14th Dist.] 2017, pet. filed).
TSU argues that Mouton's allegations do not establish a nexus between Randall's injury and the use or condition of TSU's personal or real property; in other words, TSU contends that Randall's death was not proximately caused by the use or condition of TSU's property and thus TSU's immunity has not been waived under the Act on that basis. Mouton argued below that she alleged a use and condition of personal or real property, specifically that TSU's security equipment and systems were used, misused, and lacked an integral safety component, which resulted in Randall's death. But we conclude that Mouton has not alleged sufficient facts to show that Randall's injuries were proximately caused by such use or condition.
Texas courts have consistently required a nexus between the use or condition of property and the injury. Dimas , 201 S.W.3d at 265-66 (citing Whitley , 104 S.W.3d at 543, Tex. Dep't. of Criminal Justice v. Miller , 51 S.W.3d 583, 588 (Tex. 2001), and Dallas Cnty. Mental Health and Mental Retardation v. Bossley , 968 S.W.2d 339, 342-43 (Tex. 1998) ). This nexus requires more than mere involvement of property; rather, the condition or use must actually have caused the injury. Id. at 266. Property does not cause injury if it does no more than furnish the condition that makes the injury possible. Id.
Here, Mouton alleged that Randall's injuries resulted from the following negligent acts by TSU:
• Selecting an inadequate amount of security;
• Failing to warn parents about the known dangers to their minor children associated with attending TSU, "namely recent past acts of violence on [TSU]'s campus against [TSU] students";
• Failing to inform and warn Randall about the potential threat posed by criminals on the premises;
• Failing to lock down the campus after the shooting that occurred earlier that morning before Randall was shot;
• Failing to hire more security after the shooting that occurred the day before Randall was shot;
• Hiring incompetent security that failed to prevent criminals with a *914 history of violence and illegal firearm use from entering onto the premises;
• Failing to adequately supervise and monitor criminal activities on the premises;
• Failing to take reasonable steps to provide a safe and secure campus;
• Failing to maintain a properly qualified and trained security staff on campus; and
• Failing to detect, prevent, or intervene in the crime against Randall.
These allegations, in a nutshell, fall into three categories: providing inadequate security, failing to warn of the dangers on campus, and failing to make the campus safe after prior acts of violence. We discuss each subset of allegations in turn.
Inadequate Security . Mouton brought several allegations relating to inadequate security: that TSU did not provide enough security, hired incompetent security personnel that were not properly qualified or trained, failed to adequately supervise and monitor criminal activities on campus, and failed to detect, prevent, or intervene in the crime against Randall.
We initially note that a failure to supervise or provide security, standing alone, is a failure to act, not a condition or use of property waiving liability under the Act. See City of San Antonio v. Butler , 131 S.W.3d 170, 180 (Tex. App.-San Antonio 2004, pet. denied). Moreover, we have held that the sexual assault of a student on a university campus in a dark stairwell was not proximately caused by, among other things, the university's negligent implementation of safety policies or failure to use ordinary care to keep the campus safe, properly lit, and free from criminal trespassers. Dimas , 201 S.W.3d at 263, 266-67 (citing Texas Supreme Court cases Whitley , 104 S.W.3d at 543 (holding bus passenger's injuries inflicted by another passenger after they left bus did not arise from operation or use of bus), Miller , 51 S.W.3d at 588 (holding decedent's personal injury and death were not caused by misuse of tangible personal property when medical treatment might have furnished the condition that made the injury possible but did not itself "harm [decedent], hasten his decline, or cause his death"), and Bossley , 968 S.W.2d at 342-43 (holding mental health patient's suicide was not caused by facility's failure to lock facility doors)). Instead, we concluded the student's injuries were proximately caused by the assailant's acts, noting that courts consistently have held that property does not proximately cause injury under section 101.021 if the property only furnishes the condition that makes the injury possible. Id.
The supreme court noted in Bossley :
If only involvement [of property] were required, the waiver of immunity would be virtually unlimited, since few injuries do not somehow involve tangible personal or real property. Requiring only that a condition or use of property be involved would conflict with the Act's basic purpose of waiving immunity only to a limited degree.
968 S.W.2d at 343.
Here, Mouton's allegation that TSU had implemented inadequate security measures, if true, relates only to the condition that made Randall's injury possible. This allegation does not rise to the level of proximate causation required for a waiver of immunity under the Act. See Dimas , 201 S.W.3d at 266. Randall's death was caused by the assailant's acts. See ids="8464808" index="36" url="https://cite.case.law/sw3d/201/260/#p264">id.
*915 Failures to Warn . Mouton also alleged that TSU was negligent in failing to warn Randall and his parents about the known dangers on TSU's campus, "namely recent past acts of violence ... against [TSU] students" and the potential threat posed by criminals on the premises. These allegations are consistent with a premises defect claim.
The Act requires that, to waive immunity for a premises liability claim, a plaintiff is required to satisfy the heightened pleading requirements specified in the Act. Tex. Civ. Prac. & Rem. Code § 101.022(a). "[I]f a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises." Id. This duty requires that a landowner not injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not. State Dep't of Highways and Pub. Transp. v. Payne , 838 S.W.2d 235, 237 (Tex. 1992) ; Hawkins , 2014 WL 953427, at *3.
In Miranda , the plaintiffs were camping in a Texas state park when Maria Miranda was struck by a falling tree branch and injured. 133 S.W.3d at 221. She and her husband sued for, among other things, the park's failure to warn the Mirandas of the known dangers in the park of falling tree branches. Id. The supreme court concluded that the Mirandas' allegation of an injury caused by a falling tree branch constituted an allegation of a condition or use of real property and thus was a premises defect claim. Id. at 230. The court further held that the plaintiffs could not circumvent the legislature's heightened requirements for premises defect claims by characterizing such claims as "negligent" condition or use of personal or real property. Id. at 233. Thus, immunity is not waived for a negligence claim that relies on a premises defect. Univ. of Tex. at Austin v. Sampson , 488 S.W.3d 332, 338 (Tex. App.-Austin 2014) (citing Miranda , 133 S.W.3d at 233 ), aff'd , 500 S.W.3d 380 (Tex. 2016). A plaintiff instead is required to satisfy the heightened pleading requirements. Id.
To establish liability under a premises defect theory, a licensee must prove, among other things, that the owner's failure to exercise ordinary care to protect the licensee from danger proximately caused injury to the licensee. Payne , 838 S.W.2d at 238 ; Hawkins , 2014 WL 953427, at *3. Accordingly, Mouton was required to allege facts establishing, among other things, that TSU's purported failures to warn of the risks on campus proximately caused Randall's injury.
In her allegations, Mouton points to nothing more than the purported fact that TSU failed to warn Randall and his parents of the risk, but Mouton does not point to facts that, if true, would establish that such failure caused Randall's injury. "Allegations that a plaintiff was injured by persons 'purposefully misusing or misbehaving on the [property]' do not give rise to a claim for a premises defect" for which the Act waives immunity because such injuries are caused by a third party. Williams v. Dallas Area Rapid Transit , No. 05-14-01303-CV, 2016 WL 374833, at *3 (Tex. App.-Dallas Feb. 1, 2016, no pet.) (mem. op.) (holding Dallas Area Rapid Transit's failure to post signs prohibiting *916 bicycling near train tracks did not injure plaintiff because his injuries were caused by third party bicyclist) (quoting Butler , 131 S.W.3d at 179-80 ). The property itself must be the instrumentality that causes the injury. See ids="9275181" index="52" url="https://cite.case.law/sw3d/131/170/#p180">id. ; see also Henry v. City of Angleton , No. 01-13-00976-CV, 2014 WL 5465704, at *5 (Tex. App.-Houston [1st Dist.] Oct. 28, 2014, no pet.) (mem. op.) ("[N]owhere does the petition allege facts to establish a nexus between the lifeguard stations or chairs and [the] injury. [The plaintiff] failed to allege how the ... lifeguard stations or chairs contributed to the incident, i.e., that the stations or chairs were the 'instrumentality' of [the] injury.").
Failures to Make Safe . Mouton finally alleges that TSU failed to make the campus safe after the prior day's shooting when TSU did not lock down the campus or hire more security. A claim involving the failure to make real property safe is also a premises defect claim. See Payne , 838 S.W.2d at 237 (requiring a landowner, among other things, to use ordinary care either to warn a licensee of or to make reasonably safe a dangerous condition on real property); see also Tex. Dep't of Transp. v. Mackey , 345 S.W.3d 760, 765-66 (Tex. App.-El Paso 2011, pet. denied) ("[P]remises liability cases are predicated on a property possessor's failure to warn or make safe dangerous or defective conditions on property.").
We previously held that when a student was sexually assaulted on a university campus her injuries were not proximately caused by the failure of the university to make the campus safe by providing proper lighting. Dimas , 201 S.W.3d at 265. A complaint of failure to make property safe does not waive immunity under the Act without a causal link between such failure and the injury. See Fryman v. Wilbarger Gen. Hosp. , 207 S.W.3d 440, 442 (Tex. App.-Amarillo 2006, no pet.). The realty itself must be the cause of the injury, not merely the backdrop. See, e.g., id. at 441-42 (holding injuries arising from assault by third party on grounds of hospital could not be caused by hospital's condition or use of personal or real property; hospital merely was backdrop for crime); Renteria v. Housing Authority of El Paso , 96 S.W.3d 454, 458-59 (Tex. App.-El Paso 2002, pet. denied) (concluding that Housing Authority's immunity was not waived for assault that occurred on the Authority's premises since the realty itself did not cause the injuries).
We conclude that Mouton has not alleged a condition or use of personal or real property by TSU that proximately caused Randall's death. TSU's property merely provided the backdrop for but did not proximately cause Randall's death under the Act. See Dimas , 201 S.W.3d at 266. We further conclude that Mouton's pleadings affirmatively demonstrate that Randall was not injured by a condition or use of real or personal property by TSU because Randall's death was caused by the assailant. Accordingly, we do not remand the case to the trial court for an opportunity to replead. See City of Houston v. Ranjel , 407 S.W.3d 880, 893 (Tex. App.-Houston [14th Dist.] 2013, no pet.).
We sustain TSU's first and second issues.[5]
Conclusion
We reverse the trial court's order denying TSU's plea to the jurisdiction and motion *917 to dismiss and render judgment dismissing Mouton's claims for lack of subject matter jurisdiction.

See Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (allowing interlocutory appeal from trial court's grant or denial of a plea to the jurisdiction by a governmental unit).

In addition, another student had been shot to death in the same dormitory complex earlier in the year.

See Tex. Civ. Prac. & Rem. Code § 101.021(2).

Mouton did not file an appellee's brief. For purposes of our analysis, we note her arguments in her response to TSU's plea to the jurisdiction and motion to dismiss filed below.

TSU also argues in its second issue that Mouton's claims are barred by exceptions to the waiver of sovereign immunity for police protection and discretionary functions. See Tex. Civ. Prac. & Rem. Code §§ 101.055(3), 101.056. We need not address these issues as we conclude that TSU's immunity has not been waived.