

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00369-CV

**TEXAS A&M UNIVERSITY,**

                                               **Appellant**

 v.

**JACQUELINE BOUCHER,**

                                               **Appellee**

---

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 15-002605-CV-85

---

## MEMORANDUM  OPINION

---

Appellee Jacqueline Boucher, while a student at Appellant Texas A&M University, fractured her femur when she fell while jogging on the university campus as part of a physical education class.  Boucher fell as a result of tripping over an A-frame, or sandwich-board, sign that was in the middle of the sidewalk.  A&M filed a plea to the jurisdiction asserting that Boucher's claims were barred by sovereign immunity.  After a hearing, the trial court granted the plea in part as to Boucher's claims of negligent hiring, supervision, training or retention of employees, but denied the plea as to her claims under

§ 101.021(2) of the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE § 101.021(2) (West 2011).

Boucher asserts in her petition that A&M was negligent and grossly negligent in failing to maintain reasonably safe premises by placing the sign in the middle of the sidewalk, by failing to inspect, correct, or warn of the unreasonably dangerous condition, and in negligently using tangible personal property. A&M appeals, asserting that the trial court erred because Boucher failed to plead a claim that waived A&M's sovereign immunity under the TTCA and, alternatively, that if Boucher has pleaded a claim under the TTCA, then the discretionary decision exemption bars those claims.

### *Plea to the Jurisdiction*

Sovereign immunity from suit implicates a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *See Engelman Irrigation District v. Shields Brothers, Inc.*, 514 S.W.3d 746, 751 (Tex. 2017).

> We review a trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When a party has filed a plea to the jurisdiction challenging the pleadings, a reviewing court must construe the pleadings liberally in favor of the pleader and look to the pleader's intent. *See id*. If the facts alleged affirmatively demonstrate the trial court's jurisdiction to hear the cause, the plea to the jurisdiction must be denied. *See id*. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, but do not affirmatively demonstrate incurable defects in the jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. *See id*. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing an opportunity to amend. *See id*. at 227.

*Tex. A&M Univ. v. Starks*, 500 S.W.3d 560, 567 (Tex. App.—Waco 2016, no pet.) (quoting *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 321 S.W.3d 1, 3-4 (Tex. App.—Houston

[14th Dist.] 2008), *aff'd*, 320 S.W.3d 829 (Tex. 2010)). To avoid dismissal for lack of subject-matter jurisdiction, a plaintiff must affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court considers any relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Tex. Southern Univ. v. Mouton*, 541 S.W.3d 908, 912-13 (Tex. App.—Houston [14th Dist.] 2018, no pet.). When the relevant jurisdictional facts are disputed, the trial court makes the necessary fact findings to resolve the jurisdictional issue. *Univ. of Texas v. Poindexter*, 306 S.W.3d 798, 806 (Tex. App.—Austin 2009, no pet.). In such cases, the summary judgment standard found in Rule 166a(c) of the Rules of Civil Procedure is applicable. *See Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016) (quoting *Miranda*, 133 S.W.3d at 221). "[I]f the plaintiffs' factual allegations are challenged with supporting evidence necessary to consideration of the plea to the jurisdiction, to avoid dismissal plaintiffs must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction." *Id.* When the submitted evidence implicates the merits, "we take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor." *Id.* If the evidence fails to raise a question of fact, the plea to the jurisdiction must be granted as a matter of law. *Suarez v. City of Texas City*, 465 S.W.3d 623, 633 (Tex. 2015).

The parties conducted discovery in relation to the issue of jurisdiction, including deposing Boucher, the instructor of her physical education class, and Clint Willis, a

project manager in A&M's Transportation Services Department that had the responsibility of placing and removing signs on the campus. We will take as true Boucher's version of how her injury occurred.

In her deposition, Boucher testified that she met with approximately twenty-five to thirty individuals from her physical education class to complete a required one-mile jog on the morning of October 23, 2013. Although the entire class started running at the same time, they started to split into staggered groups based upon their speed. Boucher was in the middle of a group of ten to fifteen people, with three people running abreast. Boucher noticed that the people running in front of her started to split to either side of the sidewalk. Boucher knew there was something on the sidewalk that the other runners were avoiding, and she began to move to her left. Boucher saw that the other runners were splitting to avoid a sandwich-board sign that had been placed in the middle of the sidewalk. Boucher attempted to move out of the way, but her right foot and ankle hit the front left foot of the sign. Boucher lost her balance and fell on the grass beside the sidewalk, resulting in a broken femur. No one else in the class tripped over the sign.

### Sovereign Immunity

Generally, the common law doctrine of sovereign immunity prevents the State from being sued without the State's consent. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). The State is protected from suit unless the Legislature has waived its immunity. *See City of Galveston v. State*, 217 S.W.3d 466, 468 (Tex. 2007). Political subdivisions of the State, such as A&M, share this immunity. *See Sampson*, 500 S.W.3d at 384; *see also Prairie View A&M Univ. v. Dickens*, 243 S.W.3d 732, 735 (Tex. App.—Houston

[14th Dist.] 2007, no pet.). The state and universities such as A&M may be sued only if the Legislature waives immunity in "clear and unambiguous language." *Sampson*, 500 S.W.3d at 384; TEX. GOV'T CODE § 311.034 (West 2013). In the TTCA, the Legislature has expressly waived the state's immunity in three areas: (1) use of publicly owned automobiles; (2) injuries arising out of a condition or use of tangible personal property; and (3) premises defects. S*ee* TEX. CIV. PRAC. & REM. CODE §§ 101.001-.109 (West 2011 and West Supp. 2017); *see also Sampson*, 500 S.W.3d at 384.

*A. Use of Tangible Personal Property*. Boucher contends A&M's sovereign immunity has been waived because her injury was the result of a "use" of tangible property involving the sign over which she tripped. A "use" of tangible personal property has been defined to mean "to put or bring into action or service; to employ for or apply to a given purpose." *Sampson*, 500 S.W.3d at 388 (quoting *Miller*, 51 S.W.3d at 588). The Texas Supreme Court has consistently treated slip/trip-and-fall cases as presenting claims for premises defects. *Id*. at 386. "Creative pleading does not change the nature of a claim." *Id*. The distinction between a claim based upon a premises defect and one based upon a use or condition of tangible personal property "lies in whether it is the actual use or condition of the tangible personal property itself that allegedly caused the injury, or whether it is a condition of real property—created by an item of tangible personal property—that allegedly caused the injury." *Id*. at 388. If the tangible personal property created a condition on real property, as in this case, the claim is properly analyzed as a premises defect claim. To the extent the trial court's ruling did not grant A&M's plea as it related to Boucher's claim regarding a use of tangible personal property, it was in error.

*B. Premises Liability.* In a premises-liability case, the duty owed to the plaintiff, if any, depends on the status of the plaintiff as an invitee, licensee, or trespasser. *See Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 412 (Tex. 2010). Section 101.022(a) provides that a governmental unit owes a claimant in a premises defect suit the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises. The duty owed to a licensee requires a landowner to not injure the licensee by willful, wanton or grossly negligent conduct and "to use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the landowner is aware and the licensee is not." *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992); *see also Mouton*, 541 S.W.3d at 915. Absent willful, wanton, or grossly negligent conduct, a licensee must prove the following to establish the breach of a duty owed to her:

> (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the owner actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the owner failed to exercise ordinary care to protect the licensee from danger; (5) the owner's failure was a proximate cause of injury to the licensee.

*Sampson*, 500 S.W.3d at 391 (*quoting Payne*, 838 S.W.2d at 237).

An invitee, on the other hand, is a person who enters the premises of another in answer to an express or implied invitation from the owner or occupier for their mutual benefit. *City of El Paso v. Viel*, 523 S.W.3d 876, 892 (Tex. App.—El Paso 2017, no pet.). A landowner owes an invitee "a duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be,

aware but the invitee is not." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

An invitee must prove the following:

> (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was a proximate cause of injuries to the invitee.

*Henkel v. Norman*, 441 S.W.3d 249, 251-52 (Tex. 2014).

Boucher asserts that she was an invitee due to her payment of tuition, while A&M argues she should only be considered a licensee. Assuming without deciding that Boucher is an invitee, she has failed to establish that the sign on the sidewalk constituted an unreasonable risk of harm. A landowner only has a duty to an invitee to mitigate or warn of *concealed*, unreasonably dangerous conditions. *See Austin*, 465 S.W.3d at 203; *see also Wallace v. ArcelorMittal Vinton, Inc.*, 536 S.W.3d 19, 23 (Tex. App.—El Paso 2016, pet. denied). The exclusion of open and obvious risks is consistent with the recognition that a landowner's "'duty to invitees is not absolute,' and it is not an insurer of a visitor's safety." *Advance Tire & Wheels, LLC v. Enshikar*, 527 S.W.3d 476, 481 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (quoting *Austin*, 465 S.W.3d at 203).

> This formulation of duty, which includes a consideration of the invitee's existing knowledge of the condition, grows out of the underlying justification for the rule. The landowner is usually in a better position to know the property, and thus rectify or warn about any hidden hazards. *Austin*, 465 S.W.3d at 203. By the same token, when the hazard is already known to the invitee that rationale no longer applies. *Id*. In that situation, the hazard no longer poses an unreasonable risk "because the law presumes that invitees will take reasonable measures to protect themselves against known risks. . . ." *Id*. at 203.

*Wallace*, 536 S.W.3d at 23; *see also Suarez*, 465 S.W.3d at 632 (governmental entity owes no duty to warn of premises conditions that are open and obvious regardless of whether such conditions are artificial or naturally occurring). A condition is open and obvious, and thus not unreasonably dangerous, when it was one the invitee knew of and appreciated or that a reasonable person would have known and appreciated. *Advance Tire*, 527 S.W.3d at 481; *see also Adam Dante Corp. v. Sharpe*, 483 S.W.2d 452, 455 (Tex. 1972).

A variety of factors may be considered in determining whether a condition poses an unreasonable risk of harm, including:

> (1) whether the condition was clearly marked; (2) whether the injuries had occurred in the past; (3) whether any other invitees had complained about the condition; (4) whether the condition was unusual as compared to other conditions in the same class; and (5) whether the condition met applicable safety standards.

*Jefferson County v. Akins*, 487 S.W.3d 216, 226 (Tex. App.—Beaumont 2016, pet. denied). Although whether a condition poses an unreasonable risk of harm generally poses a fact issue, courts have held as a matter of law that a variety of conditions did not pose an unreasonable risk of harm. *See Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 163 (Tex. 2007); *see also Seideneck v. Cal Beyreuther Assocs.*, 451 S.W.2d 752, 755 (Tex. 1970); *Said v. Sugar Creek Country Club, Inc.*, No. 14-17-00079-CV, 2018 WL 4177859, at *5 (Tex. App.—Houston [14th Dist.] Aug. 31, 2018, no pet.); *City of Austin v. Vykoukal*, No. 03-16-00261-CV, 2017 WL 2062259, at *4 (Tex. App.—Austin May 10, 2017, pet. denied).

The sign was approximately three feet tall and was placed in the middle of a public sidewalk. Boucher saw the sign and had the opportunity to avoid it. No other runners in her class tripped over the sign. Willis testified that there had been no other incidents

of anyone tripping over an A-frame sign during his eight years of employment. Boucher presented nothing to dispute Willis's testimony. The open and obvious sign did not, as a matter of law, constitute a condition that posed an unreasonable risk of harm. We conclude that Boucher has failed to establish a waiver of A&M's sovereign immunity. We sustain A&M's first issue. Because the immunity issue is dispositive, we need not reach A&M's second issue.

Having sustained A&M's first issue, we reverse the trial court's order denying A&M's plea to the jurisdiction and render a judgment dismissing Boucher's lawsuit for want of jurisdiction.[1]

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Reversed and rendered
Opinion delivered and filed October 3, 2018
[CV06]

---

[1] Boucher also presented a claim based upon A&M's violation of policy in relation to placement of the sign. However, before asserting a negligent implementation of policy, a party must affirmatively demonstrate that the state agency has waived immunity from suit under some other provision of the TTCA. *See Strode v. Texas. Dep't of Crim. Justice*, 261 S.W.3d 387, 391 (Tex. App.—Texarkana 2008, no pet.); *see also Perez v. City of Dallas*, 180 S.W.3d 906, 911 (Tex. App.—Dallas 2005, no pet.) ("A plaintiff must first establish a waiver of immunity under some other provision of the Texas Tort Claims Act before he can invoke a claim of negligent implementation."). As Boucher has failed to present a premises liability claim that waives A&M's immunity, she cannot pursue a claim based upon negligent implementation of policy.

