

# IN THE
# TENTH COURT OF APPEALS

-------

### No. 10-17-00321-CV

## IN RE JULIE NICOLE FOSHEE

-------

## Original Proceeding

-------

## MEMORANDUM OPINION

-------

In this original proceeding, Relator Julie Nicole Foshee seeks a writ of mandamus compelling Respondent, the Honorable Tracy Sorensen, Presiding Judge of the County Court at Law of Walker County, to vacate her order denying Foshee's plea to the jurisdiction. In two issues, Foshee contends that the trial court abused her discretion because the Real Parties in Interest failed to plead or prove facts showing they had standing under sections 102.003 and 102.004 of the Family Code. We deny Foshee's petition.

*Background*

Foshee and her husband divorced in 2008. They had one child, R.F., who was born in 2006. Foshee and her ex-husband were appointed joint managing conservators of R.F., and Foshee was given the authority to designate the child's primary residence. On October 27, 2014, Cheryl and Donald Lawrence, Foshee's mother and step-father and the Real Parties in Interest, filed a "Petition to Modify Parent-Child Relationship and Application for Protective Order" in the same court and cause number of the original SAPCR. The trial court issued ex parte temporary orders the same day, giving the Lawrences managing conservatorship over R.F., along with the authority to designate his place of residence. On December 4, 2014, all parties consented to the entry of temporary orders that designated Cheryl Lawrence as the party authorized to designate R.F.'s primary residence. Foshee included a handwritten note on the temporary orders that she was not waiving the issue of standing. The temporary orders directed Foshee to submit to a hair follicle test within seventy-two hours, which she eventually completed, testing positive for the presence of methamphetamine and amphetamine. After Foshee retained a new attorney in 2017, she filed a plea to the jurisdiction challenging the Lawrences' standing. A hearing was held on Foshee's motion on May 24, 2017, and, after supplemental briefs and affidavits were filed, the trial court denied the motion on July 21, 2017. No other evidence was introduced at the hearing, and the trial court did not issue findings of fact and conclusions of law.

## *Mandamus*

Mandamus is an extraordinary remedy that is available only when the trial court has clearly abused its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36, 137 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when it acts "without reference to any guiding rules or principles," or in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d 836, 840 Tex. 2018) (per curiam) (orig. proceeding).

Mandamus is the appropriate mechanism to challenge temporary orders made while a child custody modification suit is pending because such orders are interlocutory and not appealable. *In re Derzapf*, 219 S.W.3d 327, 334 (Tex. 2007) (orig. proceeding). Mandamus is a particularly necessary avenue of relief when a party, such as a grandparent, seeks to divest a parent of the care, custody, or control of his or her children. *Id*., at 334-35; *see also Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49 (2000) (plurality opinion) (parent's interest in care, custody, and control of their children is fundamental liberty interest that should not be lightly infringed).

### *Plea to the Jurisdiction*

Whether a court has subject matter jurisdiction is a question of law properly raised in a plea to the jurisdiction. *Tex. Southern Univ. v. Mouton*, 541 S.W.3d 908, 912 (Tex. App.—Houston [14th Dist.] 2018, no pet.). We review a trial court's ruling on a plea to the jurisdiction *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.

2004). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* If the plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court considers any relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Texas A & M Univ. v. Starks*, 500 S.W.3d 560, 567 (Tex. App.—Waco 2016, no pet.); *see also Mouton*, 541 S.W.3d at 912-13. If the evidence creates a fact question regarding jurisdiction, then the trial court must deny the plea, and the fact issue will be resolved by the factfinder. *Miranda*, 133 S.W.3d at 227-28.

### *Standing*

A party seeking conservatorship of a child must have standing to seek such relief. *In re Tinker*, 549 S.W.3d 747, 750 (Tex. App.—Waco 2017, orig. proceeding [mand. denied]). "Generally, standing involves a threshold determination of whether a plaintiff has a sufficient 'justiciable interest' in the suit's outcome to be entitled to a judicial determination." *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). If a party does not have standing, the court is deprived of subject matter jurisdiction and any subsequent actions are void. *Tinker*, 549 S.W.3d at 750. Standing is a question of law that the court reviews *de novo.* *H.S.*, 550 S.W.3d at 155. The merits of the claims are not at issue. *Id.* "Thus, this case is not about whether Grandparents will prevail in their suit; it is about whether they may bring it in the first place." *Id.*

In evaluating standing, we construe the pleadings in the petitioner's favor, but also consider relevant evidence offered by the parties. *Id.; see also In re Y.Z.C.T.*, No. 05-17-

00530-CV, 2018 WL 3599108, at *2 n.4 (Tex. App.—Dallas July 27, 2018, orig. proceeding) ("When an issue of standing is resolved prior to trial, . . . we take as true all evidence favorable to parties alleging standing, indulging every reasonable inference and resolving any doubts in their favor."). When, as here, the trial court makes no separate findings of fact or conclusions of law, we imply the findings necessary to support the trial court's judgment. *In re Hogard*, No. 10-13-00246-CV, 2013 WL 5603853, at *1 (Tex. App.— Waco Oct. 10, 2013, orig. proceeding). "We review the entire record to determine if the trial court's implied findings are supported by any evidence." *Id*.

In their supplemental petition, filed on May 31, 2017, the Lawrences assert they have standing under sections 102.003(a)(9), 102.004, "and other provisions of the Texas Family Code." A grandparent, by statute, may file an original suit requesting managing conservatorship under section 102.004(a), intervene in a pending suit under 102.004(b), or seek relief under the general standing provisions of section 102.003. TEX. FAM. CODE ANN. §§ 102.003; 102.004 (West Supp. 2018).[1] Because we conclude that the trial court properly found that the Lawrences had standing under section 102.003, we do not reach whether standing was also permissible under section 102.004.

Section 102.003 provides that suit may be brought by any person who has had "actual care, control, and possession of the child for at least six months ending not more

---

[1] All subsequent statutory references are also to the Family Code.

than 90 days preceding the date of the filing of the petition. . . ." § 102.003(a)(9).[2]  The six-month period need not be continuous and uninterrupted.  § 102.003(b).  The petitioner is not required to establish that he or she has had *exclusive* care, custody or control of the child nor that a parent has abdicated his or her parental rights.  *H.S.*, 550 S.W.3d at 158.

> [A] nonparent has "actual care, control, and possession of the child" under section 102.003(a)(9) if, for the requisite six-month time period, the nonparent served in a parent-like role by (1) sharing a principal residence with the child, (2) providing for the child's daily physical and psychological needs, and (3) exercising guidance, governance, and direction similar to that typically exercised on a day-to-day basis by parents with their children. The statute does not require the nonparent to have ultimate legal authority to control the child, nor does it require the parents to have wholly ceded or relinquished their own parental rights and responsibilities.

*Id*. at 160.

The facts of this case are remarkably similar to those presented in the *H.S.* opinion. In their supplemental petition and attached affidavits, the Lawrences note that R.F. had been in their care for a period greater than six months prior to the filing of their original petition.  The Lawrences specifically note that R.F. had been living with them from June 2014 to October 2014, when Foshee and R.F. moved in with them, and that R.F. had lived with them off and on for several years.  The Lawrences performed the following parental duties for R.F.:  paid his school tuition; took him to school in the mornings and picked

---

[2] The grandparents in *H.S.* were determined to have standing under section 102.003(a)(2) even though, like the Lawrences, they filed a petition to modify an existing SAPCR rather than an original suit.  Section 156.002(b) of the Family Code provides that "[a] person or entity, who at the time of filing, has standing to sue under Chapter 102 may file a suit for modification in the court with continuing, exclusive jurisdiction." § 156.002(b).

him up in the afternoons; purchased clothing, food and other necessities for him; took him to and paid for doctor's appointments; took him to extracurricular activities; made decisions of legal significance for him; and basically assumed parental duties for him.

Foshee submitted her own affidavit in which she contradicts some of the facts in the Lawrences' affidavits, specifically relating to the amount of time R.F. resided with the Lawrences. While Foshee notes that she would spend time with R.F. each day, she does not dispute that beginning at least in January 2014, R.F. spent most nights at the Lawrences' residence without her. *See* Foshee's "Petition for Writ of Mandamus and Prohibition," p. 4. Foshee notes that she was employed from January 2014 through mid-May 2014 at a job that required her to leave for work at 5:00 a.m. and prevented her from arriving home until 7:00 p.m. Because of her hours, it was easier for R.F. to spend week day nights with the Lawrences. Foshee also notes that she and R.F. moved in with the Lawrences at the end of June 2014 after she lost her job. While Foshee spent time with R.F. while he was residing with the Lawrences, she does not dispute that she did not spend the nights there. Foshee also does not dispute the parental duties the Lawrences performed for R.F.

Based upon the foregoing, there was sufficient evidence before the trial court to find that the Lawrences had standing as they had actual care, control, and possession of R.F. for at least six months prior to the date they filed their original petition. The trial court did not, therefore, abuse her discretion in denying Foshee's plea to the jurisdiction.

As noted, this opinion is related solely to the issue of the Lawrences' standing and has no bearing on the merits of their claims.

Foshee's petition for writ of mandamus is denied. This matter will now be returned to the trial court for further proceedings not inconsistent with this opinion.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Senior Justice Scoggins[3]
     (Chief Justice Gray concurs in the Court's judgment. A separate opinion will not be issued.)
Petition denied
Opinion delivered and filed February 27, 2019
[OT06]



---

[3] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003 (West 2013).