NO. 07-05-0377-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 15, 2006


______________________________



MARILYN FRYMAN, 



 Appellant


v.



WILBARGER GENERAL HOSPITAL, 



 Appellee

_________________________________



FROM THE 46 DISTRICT COURT OF WILBARGER COUNTY;



NO. 23,807; HON. TOM NEELY, PRESIDING


_______________________________



Opinion


_______________________________



Before QUINN, C.J. and HANCOCK and PIRTLE, JJ.

 Marilyn Fryman (Fryman) appeals from an order dismissing, with prejudice, her suit
against Wilbarger General Hospital (the Hospital) due to want of jurisdiction. She sued the
Hospital for injuries arising from an assault occurring on its premises. Her contentions
were founded upon claims of negligence and premises liability. Specifically, she believed
that the Hospital was liable to her because it failed to undertake adequate security and
safety precautions, monitor security cameras, or provide security personnel sufficient to
thwart attacks committed by third parties on Hospital grounds. The Hospital moved to
dismiss contending that Fryman's allegations did not pierce the immunity granted it under
the Texas Tort Claims Act. The trial court agreed, granted the motion, and dismissed the
suit. On appeal, Fryman asserts that the trial court erred in so acting. We disagree,
modify the order, and affirm it as modified. 

 No one disputes that the Hospital is a governmental entity generally entitled to
immunity. Rather, Fryman posits that her allegations satisfied the requirements of the Tort
Claims Act and, therefore, permit her to sue the Hospital. 

 According to the act in question, governmental entities, such as the Hospital here,
may be held liable for personal injury in two ways. One involves injury 1) caused by an
employee acting within the scope of his employment and 2) arising from the operation or
use of a motor vehicle or motor driven equipment. Tex. Civ. Prac. & Rem. Code Ann.
§101.021(1) (Vernon 2005). The second involves injury caused by a condition or use of
tangible personal or real property if the governmental unit would, as a private person, be
liable to the claimant. Id. §101.021(2). To the extent that Fryman says nothing about
being injured by a motor vehicle or motor driven equipment, §101.021(1) is inapposite. 
Thus, we are left with assessing whether her claims fall within the scope of §101.021(2). 

 With regard to §101.021(2), we note that the injury must be caused by a condition
or use of personalty or realty. Here, the injuries suffered were not caused by either. 
Rather, the record illustrates that they arose from an assault committed by a third party
who happened to be on the grounds of the Hospital. The Hospital's grounds were simply
the backdrop for or location of the assault; neither the pleadings nor record show that they
caused the assault. And, because they simply provided the backdrop or location, their
tangential involvement does and did not result in the loss of immunity via §101.021(2). 
Scott v. Prairie View A & M University, 7 S.W.3d 717, 721 (Tex. App.-Houston [1st Dist.]
1999, pet. denied); accord Renteria v. Housing Authority of El Paso, 96 S.W.3d 454, 458-59 (Tex. App.-El Paso 2002, pet. denied) (concluding that the Housing Authority's
immunity was not pierced though the assault occurred on the Authority's premises since
the realty itself did not cause the injuries); see also Dimas v. Texas State University
System, 201 S.W.3d 260, 267 (Tex. App.-Houston [14th Dist.] 2006, no pet.) (holding that
because the actions of the attacker caused the victim's injuries as opposed to any realty
whereon the attack occurred, the governmental entity's immunity was not lost).

 Nor do Fryman's allegations that the Hospital failed to monitor security cameras or
provide additional security measures fare any better. These contentions evince a scenario
wherein something other than the "use" of tangible government property caused the injury. 
As mandated by statute, the injury must arise from the "use" of personalty or realty. Tex.
Civ. Prac. & Rem. Code Ann. §101.021(2) (Vernon 2005). So, because "use" means to put
or bring into action or service or employ for or apply to a given purpose, Texas Dep't of
Crim. Justice v. Miller, 51 S.W.3d 583, 588 (Tex. 2001), it must appear that in someone
putting the cameras or other security devices into action or in actually employing them for
a given purpose, Fryman suffered injury. But, that is not what was alleged here. Rather,
Fryman complains of the failure to use personalty that may or may not have been
available. And, because she complains about the failure to use or, in effect, the non-use
of property, her contentions again fall short of satisfying the elements of §101.021(2). See
Bonham v. Texas Dep't of Crim. Justice, 101 S.W.3d 153, 160 (Tex. App.-Austin 2003, no
pet.) (stating that any lack of surveillance equipment in the men's restroom of a correctional
facility which was the location of a sexual assault involved the non-use of property and,
therefore, was not actionable under §101.021(2)). 

 Accordingly, the trial court did not err in ordering the dismissal of Fryman's suit. 
See Texas Dep't of Crim. Justice v. Miller, supra (dismissing the suit for want of subject
matter jurisdiction since Miller failed to bring his allegations within the scope of the Tort
Claims Act). However, the record does not reflect that appellant was afforded the
opportunity to amend her pleadings so as to allege a claim within the scope of the Tort
Claims Act. Moreover, she posits in her brief, that "with an amendment of pleadings, the
facts support a finding that there was a waiver of sovereign immunity . . . ." Under these
circumstances, we modify the order and redact from it the language dictating that the
dismissal was with prejudice. And, as modified, the order is affirmed. Harris County v.
Sykes, 136 S.W.3d 635, 639-40 (Tex. 2004) (holding that the trial court may dismiss with
prejudice when reasonable opportunity to amend the pleadings to assert a claim within the
trial court's jurisdiction has been afforded the complainant). 


 Brian Quinn 

 Chief Justice