Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB














 

 

     

Issued October 4, 2007

 

 

 

 



 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.   01-06-00364-CV




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellant

V.

RAYMOND LOCKETT, Appellee

 



On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 95-3023

 

 

MEMORANDUM OPINION

 

The Texas Department of Criminal
Justice (“TDCJ”) brings this interlocutory appeal challenging the trial court’s
denial of its plea to the jurisdiction and motion to dismiss for lack of subject
matter jurisdiction.  On appeal, TDCJ
contends that the court lacks subject matter jurisdiction over the suit because
the plaintiff’s pleadings do not affirmatively allege facts that support a
waiver of governmental immunity.  We
reverse.  

Background

 

This
suit seeks recovery of damages resulting from the death of Raymond Lockett,
which occurred while he was in TDCJ custody. 
In June 1993, during a basketball game with other inmates, Lockett collapsed
on the court.  He did not receive medical
attention until approximately half an hour later.  During that time, the TDCJ employee who was
present did assist Lockett.  When medical
personnel arrived, Lockett received CPR. 
No medical equipment, however, was available to assist in caring for
Lockett.  The CPR did not resuscitate
Lockett, and he died.  The cause of death
was later identified as a heart attack.

In January 1995, Lockett’s estate and
heirs filed suit, alleging that the TDCJ’s negligence caused Lockett’s
death.  The original petition, however, named
Lockett as the sole plaintiff.  After the
TDCJ moved for dismissal based on lack of subject matter jurisdiction, the
estate amended the petition on June 1, 1995, replacing Lockett as plaintiff
with the Estate of Raymond Lockett (the “Estate”). 

 

Other than amending its petition, the
Estate did not respond to the TDCJ’s plea to the jurisdiction and motion to
dismiss.  The trial court denied the
plea, and this appeal followed.  

Discussion

 

Standard of
review

 

Sovereign immunity and standing are
both components of subject matter jurisdiction, which is a legal issue subject
to de novo review. Tex. Natural Res. Conservation Comm’n v.
IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002); Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998); see,
e.g., City of Garland v. Rivera,
146 S.W.3d 334, 337 (Tex. App.—Dallas 2004, no pet.); City of Houston
v. Northwood Mun. Util. Dist. No. 1, 73 S.W.3d 304, 308 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).  “[I]f the pleadings affirmatively
negate the existence of jurisdiction, then a plea to the jurisdiction may be
granted without allowing the plaintiff an opportunity to amend.”  County
of Cameron v. Brown, 80 S.W.3d 549,
555 (Tex. 2002).
We construe the pleadings in the plaintiff’s favor and look to the pleader’s
intent. Tex. Dep’t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).   




Sovereign
immunity

 

In Texas, under the doctrine of sovereign immunity, a governmental
agency is not liable for the torts of its officers or agents unless a
constitutional or statutory provision expressly waives immunity and consents to
the suit. Lowe v. Tex. Tech Univ.,
540 S.W.2d 297, 298 (Tex.
1976).  Sovereign immunity defeats a
trial court’s subject matter jurisdiction unless this consent exists.  Tex.
Dep’t of Transp. v. Jones,
8 S.W.3d 636, 638 (Tex.
1999).  Governmental immunity extends to
subdivisions of the State, including counties, cities, and school
districts.  Harris
County v. Sykes, 136 S.W.3d 635,
638 (Tex. 2004).  Thus, “[i]n a suit against a governmental
unit, the plaintiff must affirmatively demonstrate the court’s jurisdiction by
alleging a valid waiver of immunity.” Dallas
Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003). 
The Estate thus bore the burden to allege facts affirmatively showing
that the trial court had jurisdiction over its claims.  Tex.
Ass’n of Bus., 852 S.W.2d at 446.  

The Estate has invoked the Texas Tort
Claims Act as the basis for its suit.  In
reviewing whether the Estate met its burden to show subject matter jurisdiction,
we look to the Act’s terms to determine the scope of its waiver, and then
determine whether the particular facts alleged in this case come within its
scope.  Tex.
Dep’t of Crim. Justice v. Miller, 51 S.W.3d 583, 587 (Tex.
2001); Tex. Natural Res. Conservation Comm’n v. White,
46 S.W.3d 864, 868 (Tex.
2001).  

The Tort Claims Act permits suits
against governmental entities in certain specified circumstances, limiting
governmental unit liability to:

(1)            
property damage,
personal injury, and death proximately caused by the wrongful act or negligence
of an employee acting within his scope of employment if:

 

(A)    the
property damage, personal injury, or death arises from the operation or use of
a motor-driven vehicle or motor driven equipment; and

          

(B)     the
employee would be personally liable to the claimant according  to Texas
law; and

 

(2)     personal
injury and death so caused by a condition or use of tangible real or personal
property if the governmental unit would, if it were a private person, be liable
to the claimant according to Texas
law.

 

Tex. Civ.
Prac. & Rem. Code Ann.
§ 101.021 (Vernon
1997).  The Estate relies on subsection
101.021(2) for its suit.  Under this
provision, “the plaintiff must allege that (1) property was used or misused by
a government employee and (2) the use proximately caused personal injury or
death.”  Archibeque v. N. Tex. State
Hosp., 115 S.W.3d 154, 158 (Tex.
App.—Fort Worth 2003, no pet.).  “Use”
means to put or bring into action or service or employ for or apply to a given
purpose.  Miller, 51 S.W.3d at 588; Kerrville State
Hosp. v. Clark, 923 S.W.2d 582,
584 (Tex.
1996).  

The personal injury or death also must
be “caused by” the condition or use of the property.  Tex.
Civ. Prac. & Rem. Code Ann. § 101.021(2).  Accordingly, the plaintiff must allege, among
other things, that the property’s use proximately caused the personal injury or
death.  Bossley, 968 S.W.2d at 342–43; Archibeque, 115 S.W.3d at 159.  “Requiring only that a condition or use of
property be involved would conflict with the Act’s basic purpose of waiving
immunity only to a limited degree.”  Bossley, 968 S.W.2d at 343.  

In its pleading, the Estate asserts
that the TDCJ negligently failed to: (1) provide proper medical treatment; (2)
have medical personnel readily available for medical emergencies; (3) properly
equip medical personnel; and (4) properly supervise prisoners.  Alternatively, the Estate claims that TDCJ
failed to use proper medical techniques (i.e., timely use of CPR) and proper
medical devices to revive Lockett.  

The Estate’s first three allegations
do not allege that Lockett’s death was caused by a TDCJ employee’s use or
misuse of any tangible property.  Rather,
under the Estate’s negligence theory, the failure
to use equipment allegedly caused Lockett’s injury.  The Texas Supreme Court expressly has held
that allegations of non-use cannot support a claim that comes within the
limited waiver defined in the Tort Claims Act. 
Miller, 51 S.W.3d at 587–88 (holding that non-use
of property does not waive sovereign immunity); Kerrville State Hosp., 923 S.W.2d at 584 (same); Fryman v. Wilbarger Gen. Hosp., 207
S.W.3d 440, 442 (Tex. App.—Amarillo 2006, no pet.) (complaint that hospital
failed to undertake adequate security and safety precautions, monitor security
cameras, or provide security personnel sufficient to thwart attacks committed
by third parties on hospital grounds fell short of satisfying elements of section
101.021(2)); City of Sugarland v. Ballard,
174 S.W.3d 259, 265 (Tex. App.—Houston
[1st Dist.] 2005, no pet.) (holding that claim based on police officers’
failure to provide adequate care, well-being and safety of plaintiff
while he was in custody did not fall within express language of Act’s waiver
provisions); Bonham v. Tex. Dep’t of Crim. Justice, 101 S.W.3d 153, 160
(Tex. App.—Austin
2003, no pet.) (holding that allegations concerning lack of surveillance
equipment in prison restroom where sexual assault occurred involved non-use of
property and, therefore, was not actionable under section 101.021(2)).

The Estate’s negligent supervision
claims likewise fail to come within the Act’s narrowly drawn waiver
provisions.  See Tex.
A & M Univ. v. Bishop, 156 S.W.3d 580, 581 (Tex. 2005) (holding that
faculty advisors’ alleged failure to properly supervise props does not
constitute use of tangible personal property within Act’s meaning; information
in form of instructions is not tangible personal property and thus does not
give rise to claim under Act).  Our
conclusion that the trial court has no subject matter jurisdiction for this
reason is dispositive, and, thus, we do not reach the TDCJ’s other issue.

Conclusion

 

After
looking solely to the Estate’s allegations, taking them as true, and construing
them in favor of the Estate, we conclude that its amended petition does not
present a claim in which immunity from liability, and therefore immunity from
suit, is waived by the Texas Tort Claims Act. 
Accordingly, we reverse the order denying the TDCJ’s plea to the
jurisdiction and dismiss the Estate’s claims against TDCJ for want of
jurisdiction.

All pending
motions are dismissed as moot.

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.