**Opinion issued November 13, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00096-CV

_____

**HARRIS COUNTY, TEXAS, HARRIS COUNTY COMMISSIONERS COURT, LINA HIDALGO AND EDWARD GONZALEZ, Appellants**

**V.**

**JANE DOE, Appellee**

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-47871**

---

## MEMORANDUM OPINION

Appellee Jane Doe[1] filed suit against appellants Harris County, Harris County Commissioners Court, Lina Hidalgo in her official capacity, and Edward

---

[1] As in the trial court, appellee is referred to by a pseudonym where it does not appear that it would hinder the appellant's ability to prepare an adequate defense.

Gonzalez in his official capacity under the Texas Tort Claims Act (TTCA). TEX. CIV. PRAC. & REM. CODE § 101.021 et seq. Appellants responded with a plea to the jurisdiction, which the trial court denied. Appellants bring this interlocutory appeal[2] from the denial of appellants' plea to the jurisdiction. We reverse and render a judgment of dismissal of appellee's claims against appellants.

## Background[3]

Appellee Jane Doe was an employee at the Harris County Jail. Appellee alleges that, on or about December 6, 2021, defendant Jeremiah Williams,[4] an inmate, sexually assaulted her. According to appellee, during the assault she screamed and cried for help "that never came to her aid[] due to the understaffing of the jail facility where she was employed."

Appellee filed suit against Williams and appellants Harris County, Judge Hidalgo in her official capacity, the Harris County Commissioners Court, and Sheriff Gonzalez in his official capacity. In her lawsuit, she alleged that appellants'

---

*See Topheavy Studios, Inc. v. Doe*, No. 03-05-00022-CV, 2005 WL 1940159, *7 (Tex. App.—Austin 2005, no pet.) (mem. op.).

[2] An interlocutory appeal is available when a trial court grants or denies a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8).

[3] The facts recited in this section are based on the pleadings and have not been adjudicated.

[4] Williams is a party to the underlying suit, but not this appeal.

"continued intentional refusal to adequately fund and/or staff the jail continues to occur even though they have actual knowledge of the well-known and blatantly dangerous conditions" in the jail that caused appellant to be "forced to work in escalating levels of dangerous conditions." In her petition, appellee quoted Sheriff Gonzalez's public statements in a press conference that "the staffing is a concern. The assaultive behavior that we're seeing is a concern." Appellee further alleged in her petition that, in the year of this alleged assault, "there were 918 assaults on staff members committed by inmates in the first eight months of 2021."

Appellants responded with a plea to the jurisdiction, claiming that: (1) the Harris County Commissioners Court is a *non sui juris* division of Harris County with no capacity to be sued, (2) the Texas Department of Insurance Division of Workers' Compensation has exclusive jurisdiction over this dispute, (3) there was no waiver of their immunity for appellee's claims under the TTCA or any other statute; and (4) TTCA's election of remedies provision bars suit against Judge Hidalgo and Sheriff Gonzalez. Appellee responded that (1) the intentional-injury exception to the Texas Workers' Compensation Act[5] (TWCA) applies; (2) appellants have waived immunity for this claim, as it arises from a premises defect that facilitated an intentional tort; and (3) Judge Hidalgo and Sheriff Gonzalez are not immune from suit because adequately staffing the jail was a ministerial, as

---

[5]     TEXAS LAB. CODE § 408.001 et seq.

3

opposed to discretionary, duty. No party presented any exhibits or other extrinsic evidence to support their arguments. Appellee does not dispute that the TWCA generally applies to workplace injury claims by employees of the Harris County Sheriff's Office.

In support of appellee's arguments in the trial court, she referred to standards of the Texas Commission on Jail Standards (TCJC), and alleged that for decades the sheriffs and county commissioners have declared states of emergency in order to meet jail standards set by the TCJC. According to appellee, the appellants' "long history" of "intentional, willful, and malicious disregard for [their] employee[s'] safety within the Harris County Jail system shows the intent to injure [appellee]."

On January 17, 2024, the trial court denied appellants' plea to the jurisdiction. Appellants timely filed their notice of appeal from the denial of their plea to the jurisdiction on February 5, 2024.

## The Plea to the Jurisdiction

On appeal, appellants argue that the trial court erred in denying appellants' plea to the jurisdiction because: (1) appellee failed to comply with the TTCA's mandatory notice provision;[6] (2) appellee failed to establish waiver of immunity under the TTCA, which bars her premises defect claim; (3) the TTCA's election-of-remedies provision bars suit against Judge Hidalgo and Sheriff Gonzalez; (4)

---

[6] Appellants did not raise the lack of notice argument in their plea to the jurisdiction filed in the trial court.

appellee's claims are barred because the TWCA provides appellee's exclusive remedy; and (5) Harris County Commissioners Court is a *non sui juris* division of Harris County. Appellee responds on appeal that: (1) her spoliation letter provided appellants with the notice required by the TTCA, (2) a negligent act that leads to an intentional tort falls within an exception to the TTCA, (3) the election of remedies doctrine is not jurisdictional, and (4) the intentional-injury exception to the TWCA's exclusive remedy provision applies.

## A.      Standard of Review

Subject matter jurisdiction is implicit in a court's power to decide a case. *City of Hous. v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (citing *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 553–54 (Tex. 2000)). To establish subject matter jurisdiction, a plaintiff must allege facts that, if true, "affirmatively demonstrate" the court's jurisdiction to hear her claims. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019) (citing *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012)). "Whether a court has subject matter jurisdiction is a question of law." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

"A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction." *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (citing *Bland*, 34 S.W.3d at 554); *TitleMax of Tex., Inc. v. City of*

*Austin*, 639 S.W.3d 240, 245 (Tex. App.—Houston [1st Dist.] 2021, no pet.). Our review of a plea to the jurisdiction is *de novo*. *Miranda*, 133 S.W.3d at 226.

A plea to the jurisdiction "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When a plea to the jurisdiction challenges the pleadings, we determine whether the plaintiff has alleged facts that, if true, affirmatively show jurisdiction. *Miranda*, 133 S.W.3d at 226. In doing so, we construe the pleadings liberally, taking them as true, and we consider the plaintiff's intent. *Id*. Only if the pleadings affirmatively negate jurisdiction should the plea to the jurisdiction be granted without affording the plaintiff an opportunity to replead. *Id*. at 226-27.

**B.     Sovereign Immunity and Governmental Immunity, Generally**

Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *see also Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Texas Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323–24 (Tex. 2006). Although the terms "sovereign immunity" and "governmental immunity" are often used interchangeably, sovereign immunity "extends to various divisions of state government, including agencies, boards, hospitals, and universities," while governmental immunity "protects political subdivisions of the State, including

counties, cities, and school districts." *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist.*, 212 S.W.3d at 323–24; *see also Odutayo v. City of Houston*, No. 01-12-00132-CV, 2013 WL 1718334, at *2 n.8 (Tex. App.—Houston [1st Dist.] Apr. 18, 2013, no pet.) (mem. op.). We interpret statutory waivers of sovereign immunity and governmental immunity narrowly, as the Texas Legislature's intent to waive immunity must be clear and unambiguous. *See LMV-AL Ventures, LLC v. Tex. Dep't of Aging & Disability Servs.*, 520 S.W.3d 113, 120 (Tex. App.—Austin 2017, pet. denied); *see also* TEX. GOV'T CODE ANN. § 311.034. Without an express waiver of sovereign immunity or governmental immunity, courts do not have subject matter jurisdiction over suits against the State or its political subdivisions. *State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006); *Miranda*, 133 S.W.3d at 224–25; *see also Harris Cnty. v. S. Cnty. Mut. Ins. Co.*, No. 01-13-00870-CV, 2014 WL 4219472, at *2 (Tex. App.—Houston [1st Dist.] Aug. 26, 2014, no pet.) (mem. op.) ("Governmental immunity from suit deprives a trial court of subject-matter jurisdiction.").

## C.     The TTCA Election of Remedies Provision Bars Suit Against Judge Hidalgo and Sheriff Gonzalez

The TTCA provides a limited waiver of immunity for certain tort claims against the government. *Texas Adjudant Gen. Office v. Ngakoue*, 408 S.W.3d 350, 354 (Tex. 2013) (citing TEX. CIV. PRAC. & REM. CODE §§ 101.001-.109). The filing of a suit under the TTCA against a governmental unit constitutes an

irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee[7] of the governmental unit regarding the same subject matter. TEX. CIV. PRAC. & REM. CODE § 101.106(a). Likewise, the filing of a suit against any employee of a governmental unit has the same effect as to any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents. *Id*. § 101.106(b). "The statute encourages, and in effect mandates, plaintiffs to pursue lawsuits against governmental units rather than their employees when the suit is based on the employee's conduct within the scope of employment." *Ngakoue*, 408 S.W.3d at 352.

Indeed, if a suit is filed against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit. TEX. CIV. PRAC. & REM. CODE § 101.106(e). Likewise, where the suit is brought based on conduct within the general scope of the employee's employment and if it could have been brought under the TTCA against the governmental unit, the suit is considered to be against the employee in the

---

[7]   "Employee" means a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority. TEX. CIV. PRAC. & REM. CODE § 101.001(2).

employee's official capacity only. *Id*. § 101.106(f).[8] In such cases, the suit should be dismissed on the employee's motion unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed. *Id*.

This requirement effectively makes a plaintiff's choice to sue both a governmental unit and its employee an election to sue only the government. *Ngakoue*, 408 S.W.3d at 360. This election of remedies provision of the TTCA is jurisdictional, and a plaintiff's election may be challenged in a plea to the jurisdiction. *McFadden v. Olesky*, 517 S.W.3d 287, 294-95 (Tex. App.—Austin 2017, pet. denied).

In *Ngakoue*, the Texas Supreme Court held that a government employee was entitled to dismissal under the TTCA election of remedies provision. *Ngakoue*, 408 S.W.3d at 360. The plaintiff sued a government employee for damages arising out of an automobile accident. *Id*. at 352. The defendant moved to dismiss pursuant to the TTCA election of remedies provision, as the defendant was employed by the Texas Adjutant General's Office (TAGO). *Id*. The plaintiff amended his petition to include TAGO as a defendant. *Id*. TAGO filed a plea to the jurisdiction and moved to dismiss the suit against both TAGO and the employee, arguing that the suit against the employee barred the suit against TAGO under section 101.106(b), and

---

[8]    Appellants cited section 101.106(f) of the Texas Civil Practice and Remedies Code in their plea to the jurisdiction and brief and not section 101.106(e).

9

that the suit against the employee should be dismissed pursuant to section 101.106(f). *Ngakoue*, 408 S.W.3d at 353. Ultimately, the supreme court held that the suit against the employee should have been dismissed pursuant to section 101.106(f) because it was undisputed that the employee was acting within the general scope of his governmental employment. *Id.* at 360.

Judge Hidalgo and Sheriff Gonzalez are employees under the TTCA because they are "in the paid service of a governmental unit by competent authority." TEX. CIV. PRAC. & REM. CODE § 101.001(2). Appellee expressly sued Judge Hidalgo and Sheriff Gonzalez in their official capacities. Appellants jointly filed their plea to the jurisdiction, arguing in pertinent part that "[a] governmental employee acts within his official capacity when he acts within the scope of his employment," and that the TTCA's election of remedies provision "provides for the employee's early dismissal." Because the plea to the jurisdiction invokes section 101.106(f) and was jointly filed by Harris County (the governmental unit employer), Judge Hidalgo (an employee), and Sheriff Gonzalez (another employee), we construe the instrument as an employee's motion under section 101.106(f). The parties do not dispute that Judge Hidalgo and Sheriff Gonzalez were acting in the course and scope of their official duties during the complained-of conduct—in fact, appellee specifically sued them in their official capacities. Moreover, the parties do not dispute that the suit could have been brought under the TTCA against the

10

governmental unit—in fact, appellee sued Harris County under the TTCA. Nor did appellee amend her pleadings to dismiss Judge Hidalgo and Sheriff Gonzalez. *Id.* § 101.106(f). Therefore, pursuant to section 101.106(f) of the Texas Civil Practices and Remedies Code, the trial court should have dismissed the suit against both Judge Hidalgo and Sheriff Gonzalez. *Ngakoue*, 408 S.W.3d at 360-61 (holding that dismissal of employee defendant would serve purpose of election-of-remedies provision of TTCA by ensuring that suit proceeded against the proper government defendant early in the litigation).

## D. Failure to Plead Facts Within TTCA's Waiver of Immunity

Appellants next argue that appellee failed to allege facts establishing a waiver of immunity under the TTCA.[9] Appellee alleges that appellants failed to provide adequate funding and staffing to the jail, which created a premises condition that led to Williams being unsupervised when he sexually assaulted appellee.

The TTCA waives immunity for a claim based on the condition of real property if the plaintiff's injury is caused by a condition of real property. *See* TEX.

---

[9] Although appellants did not fully brief this issue, we analyze the issue below because it relates to this Court's jurisdiction to hear the case. *Townsend v. Vasquez*, 569 S.W.3d 796, 803-04 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) ("Appellate courts have an obligation to consider their jurisdiction even if not raised by the parties."). We review whether a party has alleged facts affirmatively showing a court's subject matter jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

11

CIV. PRAC. & REM. CODE § 101.021(2); *Fryman v. Wilbarger Gen. Hosp.*, 207 S.W.3d 440, 441 (Tex. App.—Amarillo 2006, no pet.) ("With regard to § 101.021(2), we note that the injury must be caused by a condition or use of personalty or realty."). There is no immunity waiver under the TTCA when the real property merely provides the backdrop or location where a third-party assaulted the plaintiff. *See Scott v. Prairie View A & M Univ.*, 7 S.W.3d 717, 720-21 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (holding plaintiffs' claims against governmental unit stemming from sexual assaults by third party not waived under TTCA because property did not cause plaintiffs' injuries but was merely backdrop for assaults); *see also Tex. S. Univ. v. Mouton*, 541 S.W.3d 908, 916 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (holding plaintiffs' claims against governmental unit stemming from shooting by third party not waived under TTCA because property did not cause plaintiffs' injuries but was "merely the backdrop"); *Fryman*, 207 S.W.3d at 440-42 ("The Hospital's grounds were simply the backdrop for or location of the assault; neither the pleadings nor record show that they caused the assault. And, because they simply provided the backdrop or location, their tangential involvement does and did not result in the loss of immunity via § 101.021(2)."); *Dimas v. Tex. State Univ. Sys.*, 201 S.W.3d 260, 265 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ("Appellant has failed to establish a waiver of immunity based on premises liability because the alleged defect did not

proximately cause her injuries. Rather, the actions of her attacker, not the allegedly defective lights, were the proximate cause."); *Laman v. Big Spring State Hosp.*, 970 S.W.2d 670, 672 (Tex. App.—Eastland 1998, pet. denied) (holding plaintiff's claims against governmental unit stemming from sexual assault by third-party not waived under TTCA because property did not cause plaintiffs' injuries). Appellee's allegations affirmatively demonstrate that her injuries were not caused by a condition of real property and that the jail was only the backdrop for the alleged sexual assault. Accordingly, Harris County's and the Commissioners Court's immunity is not waived under the TTCA. And because appellee's pleadings affirmatively negate jurisdiction, the plea to the jurisdiction should have been granted without affording her an opportunity to replead. *See Miranda*, 133 S.W.3d at 226-27; *Mouton*, 541 S.W.3d at 916.

## Conclusion

Having determined the trial court should have granted appellants' plea to the jurisdiction, we reverse the trial court's order and render a judgment of dismissal of appellee's claims against appellants.[10]

---

[10] Because these three issues are dispositive of the appeal, we need not consider appellants' remaining issues. *See* TEX. R. APP. P. 47.1 (providing that "court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal").

                                                  Amparo "Amy" Guerra
                                                  Justice

Panel consists of Justices Guerra, Guiney, and Johnson.